UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALEXIS COLÓN-MORALES,<br><br>   Plaintiff,<br><br>   v.<br><br>ANDRES JUSINO-HENRY,<br>COMMONWEALTH OF PUERTO RICO,<br>and PUERTO RICO ADMINISTRATION OF<br>CORRECTIONS,<br><br>   Defendants. | Civil No. 09-1790 (JAF) |

**O R D E R**

Plaintiff sues pro se under 42 U.S.C. § 1983 alleging that Defendants, acting under color of state law, violated his federal rights. (Docket No. 3.) Defendants Commonwealth of Puerto Rico ("Commonwealth") and its Administration of Corrections ("AOC") now move for dismissal under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff has failed to state a claim under § 1983 and that they are entitled to sovereign immunity under the Eleventh Amendment of the U.S. Constitution. (Docket No. 13.) Because we dismiss Plaintiff's claims against the movants on the latter ground, we need not address the former.[1]

---

[1] We note for the sake of clarity that the movants' argument that Plaintiff's failure to plead the date of the alleged violation entitles all defendants to dismissal (see Docket No. 13 at 6) lacks merit. Statute of limitations is an affirmative defense; we grant a Rule 12(b)(6) dismissal on those grounds only where it is clear on the face of a plaintiff's complaint that a defendant is entitled to same. See, e.g., Santana-Castro v. Toledo-Dávila, 579 F.3d 109, 113-14 (1st Cir. 2009).

Civil No. 09-1790 (JAF)                                                                                          -2-

Under the Eleventh Amendment, "an unconsenting State is immune from federal-court suits brought by its own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 663 (1974). A public institution also may benefit from sovereign immunity if it "is to be treated as an arm [or alter ego] of the State." Ainsworth Aristocrat Int'l Pty. Ltd. v. Tourism Co., 818 F.2d 1034, 1036 (1st Cir. 1987) (quoting Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977)). "Puerto Rico, despite the lack of formal statehood, enjoys the shelter of the Eleventh Amendment in all respects." Ramirez v. P.R. Fire Serv., 715 F.2d 694, 697 (1st Cir. 1983).

Because the Commonwealth has not consented to litigation in this case and because AOC is an administrative organ of the Commonwealth, see, e.g., Rodriguez-Narvaez v. Pereira, 552 F. Supp. 2d 211, 217 (D.P.R. 2007), both are entitled to sovereign immunity. We, therefore, cannot hear Plaintiff's claims against them.

Given the foregoing, we hereby **GRANT** the Commonwealth and AOC's motion to dismiss (Docket No. 13), and **DISMISS** Plaintiff's claims against them (Docket No. 3).

Lastly, since Defendant Andrés Jusino-Henry has not been properly served, there being no excuse for such failure, the case as to Defendant Jusino-Henry is dismissed without prejudice for failure to prosecute diligently.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 15th day of April, 2010.

                     s/ José Antonio Fusté
                     JOSE ANTONIO FUSTE
                     Chief U.S. District Judge